**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT BALTIMORE**

| | | |
|---|---|---|
| IN RE: | * | |
| LA MESA RACING, LLC, | * | CASE NO.: **07-17069-NVA** |
| | | (CHAPTER 11) |
| DEBTOR. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DISCLOSURE STATEMENT

La Mesa Racing, debtor and debtor-in-possession (herein "Debtor"), hereby submits this Disclosure Statement pursuant to 11 U.S.C. § 1125 and in connection with their Chapter 11 Plan of Reorganization (the "Plan"), which was filed together with this Disclosure Statement.

## INTRODUCTION

Debtor provide this Disclosure Statement to all of its known creditors and other parties-in-interest in order to disclose information deemed by Debtor to be material, important and necessary for his creditors to arrive at a reasonably informed decision in exercising their rights to vote for acceptance of the Plan.

No statements or information concerning the Plan and the transactions contemplated thereby have been authorized other than the information set forth herein. All other statements regarding the Plan and the transactions contemplated, whether written or oral, are unauthorized. Any capitalized terms not otherwise defined herein shall have the meanings of such terms under the Code or the Plan.

The Bankruptcy Court will schedule a hearing to consider timely objections to this Disclosure Statement and on confirmation of the Plan. The hearing may be adjourned from time to time without further notice other than announcement in court on the scheduled date of such hearing. At the hearing, the Court will consider whether the Plan satisfies the various requirements of the Code, including whether the Plan is feasible and whether it is in the best interests of the creditors. The Court will then also receive and consider a ballot report prepared by the Debtor summarizing the votes for acceptance or rejection of the Plan.

No representations concerning Debtor or the estimated value of Debtor's property, are authorized by Debtor other than as set forth in this Disclosure Statement. Any representation or inducements made to secure your acceptance which are other than as contained in this Disclosure Statement should not be relied upon you in casting your vote with respect to the Debtor's proposed Plan.

Debtor believes that the Plan provides the greatest and earliest possible recoveries to all creditors. Debtor believes that acceptance of the Plan is in the best interest of all creditors and recommends that they vote to accept the Plan.

No independent verification of the contents of this Disclosure Statement and the exhibits hereto has been made by the Debtor, nor any attorneys employed by the Debtor. All creditors and other parties affected by the Plan are urged to consult their own counsel as to the provisions and effect of the Plan. Any terms used in this Disclosure Statement that are defined in the Plan shall have the meaning ascribed to them in the Plan.

A. <u>DEBTOR'S BUSINESS AND FINANCIAL DIFFICULTIES</u>

On July 31, 2007, this case was commenced by the filing of an Involuntary Petition against La Mesa by an insider, Transamerican Commercial, Ltd. ("Transamerican"). Transamerican is related to William Siskind, a former member of the Debtor.

Debtor is a limited liability company formed under the laws of New Mexico. La Mesa was comprised of two members, William L. Siskind and Stephen A. Vincent. Debtor's assets consist of one asset, La Mesa racetrack, in Raton, New Mexico. The racetrack consists of 213 acres of land valued at approximately $50,000 and a grandstand that must be demolished and has no value.

A Consent to Order for Relief was filed by Siskind. On August 15, 2007, a Motion to Convert Case to Chapter 11 was filed by Siskind, purporting to act on behalf of La Mesa.

On August 20, 2007, this Court entered an Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements. Also on August 20, 2007, this Court entered an Order Converting Chapter 7 Case to a Case Under Chapter 11 on Debtor's Request (docket no. 10) (the "Chapter 11 Order"). The Chapter 11 Order was entered upon the Motion to Convert filed by Siskind, purporting to act on behalf of La Mesa.

B. <u>DEVELOPMENTS DURING THE CHAPTER 11 CASE</u>

Since the filing of the Chapter 11 Petition, Debtor has not borrowed any money, issued any securities, or transferred or sold any assets.

C. <u>PLAN SUMMARY, GENERALLY</u>

The Plan provides for the payment of creditors as provided in the Plan and

as summarized in Section E herein. The Plan should provide sufficient assets to pay general unsecured creditors in full. The Effective Date of the Plan is ninety (90) days after entry of the Confirmation Order.

A copy of the plan is attached as Exhibit 1.

D. <u>PLAN TREATMENT OF CLAIMS</u>

The Plan divides the Claims into a total of 5 classes.

<u>Class 1 - Priority Claims, including Administrative Claims.</u>

Class 1 consists of administrative expense claims entitled to priority under 11 U.S.C. § 507. The holders of Claims in this class are expected to be Gohn, Hankey and Stichel, with an estimated claim of $24,000.00, Sirody, Freiman and Feldman, with an estimated claim of $5,000 and Stephen A. Vincent, with an estimated claim of $2,500. The holders of the claims in this class shall be paid their Allowed Claims on the Effective Date to the extent of available cash and the balance from the Asset Pool. Debtor believes that no other claims of this class exist.

<u>Class 2 – Allowed Unsecured Claims.</u>

This class consists of general unsecured claims, without priority. The holders of Allowed Claims in this class shall receive all Liquidation Proceeds remaining after payment in full is made to the holders of Class 1 Claims. The foregoing payments shall be in full satisfaction of each such Claim of this class. Class 2 is not impaired by the Plan.

Debtor scheduled claims in the amount of $17,510.82. Debtor estimates allowed claims of this class in the approximate amount of $2,500.00.

<u>Class 3 – Allowed Unsecured Claims of Insiders.</u>

This class consists of general unsecured claims of insiders, without priority. The holders of Allowed Claims in this class shall receive all Liquidation Proceeds remaining after payment in full is made to the holders of Class 1 Claims and until full payment is made to the holder of Class 2 Allowed Claims. The foregoing payments shall be in full satisfaction of each such Claim of this class. Class 3 is impaired by the Plan.

Debtor scheduled claims of this class in the approximate amount of $159,460.69.

There is risk inherent in the treatment of Class 3 claims. The risks are: (1) Allowed Unsecured Claims may exceed the Debtor's estimates and (2) professional fees

may exceed estimates. The endemic risks to Class 3 creditors under the Plan are outweighed by the reduction in unsecured debt by allowing an orderly reorganization as opposed to a Chapter 7 liquidation.

Class 4 – Equity Interests

Ownership of all assets of Debtor will be conveyed to Stephen Vincent, the sole member of the Debtor.

E. CHAPTER 11 REORGANIZATION COMPARED TO CHAPTER 7 LIQUIDATION

**La Mesa Racing, LLC**
**(DEBTOR IN POSSESSION)**
**LIQUIDATION ANALYSIS AS OF 5/15/98**

|   | **AMOUNT** |
|---|---|
| 1. **Sale of La Mesa Racetrack** | $ 50,000 |
| 2. **Gross Liquidation Receipts** | 50,000 |
| 3. **Liquidation Expenses (Real Estate Agents, Trustee Commission, Legal Fees and Taxes, etc.)** | (15,000) |
| 4. **Net Liquidation Receipts** | $ 35,000 |

| | | |
|---|---|---|
| **Amount Available for Creditors** | | 35,000 |
| **Administrative Priority Claims** | $30,500 | |
| **Amount Available for Unsecured Creditors** | | 4,500 |
| **Total Unsecured Debt Scheduled as Fixed, Liquidated and Not Contingent** | $17,510.82 | |
| **Percentage Distribution to Unsecured Creditors after payment of priority unsecured claims** | 25% | |

Explanation of Above Analysis

Were this case converted to a case under Chapter 7, there would be approximately a twenty-five percent (25%) percent distribution to allowed claims of unsecured creditors (Class 2).  This analysis does not take into account the costs and expenses of administration of the Chapter 7.  The Debtor knows of no avoidance recoveries or action available to the trustee.

Under the Plan, approximately $10,000.00 will be distributed on account of allowed unsecured claims.  The Plan proposes to pay unsecured creditors all funds remaining after payment of Class 1 claims, which the Debtor believes will pay the unsecured creditors at least fifty-seven percent (57%) of their Allowed Unsecured Claims.  It is likely that the amount of allowed unsecured claims will decrease significantly after all claims have been filed and resolved in this case.  Debtor believes that allowed Class 2 claims will be paid in full.

F.   CHAPTER 11 DISTRIBUTION ANALYSIS

Stephen Vincent will pay all Allowed Claims up to $40,000.  Debtor believes that the Plan will net the greatest distribution for its creditors.  Under the Plan, Debtor projects that Class 2 Claimants will receive distributions of approximately 100% of Allowed Claims.

Based upon the current financial status of Debtor, Debtor's Plan is in the best interests of all parties.  Debtor has determined that the payments proposed in the Plan are feasible.  Acceptance of the Plan will enable Debtor to obtain maximum recovery for its creditors.

G.   RISK FACTORS BEARING ON THE SUCCESS OF THE PLAN

Debtor has expended substantial time and money to formulate a viable Plan that will maximize the recovery to its creditors.  Debtor, to the best of its knowledge, incorporated in the Plan all realistic future factors that would affect and bear on the success of the Plan.  As a result, Debtor expect no surprises that will cause the Plan to be unsuccessful.

H.   MEANS OF EFFECTUATING THE PLAN

The Debtor's Plan shall be effectuated through distribution of the Plan Funds.

I.   SECURITIES TO BE ISSUED

The Debtor intend to issue no securities.

J.    INSIDERS AND AFFILIATE TRANSACTIONS

Debtor's sole member shall receive all membership interests in the reorganized Debtor in exchange for payment of all Allowed Claims up to $40,000. There are no other insider transactions in the Debtor's bankruptcy case.

K.    TRUSTEE OR EXAMINER

There is no trustee or examiner in this Chapter 11 case.

L.    CREDITORS' COMMITTEE

No Creditors' Committee has been appointed in this Chapter 11 case.

M.    PLAN PROPONENT

The Debtor is the Plan Proponent.

N.    GUARANTEES OF DEBTS

There are no guarantees of the Debtor's debts that would have an effect on the Liquidation Analysis.

O.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor has no executory contracts or unexpired leases.

P.    OTHER PROVISIONS OF THE PLAN

The Plan provides that the Confirmation Order shall be a permanent injunction against enforcement of, and, except as otherwise agreed in writing by the Debtor, shall discharge the Debtor from all debt that arose before the Confirmation Date and any debt of any kind specified in 11 U.S.C. §§ 502(g), 502(h) or 502(i) whether or not a proof of claim based upon such debt is filed or deemed filed under 11 U.S.C. § 501 and whether or not the holder of such Claim has accepted the Plan.

The Confirmation Order shall discharge Debtor from any debt whether or not such debt is reduced to judgment, liquidated or unliquidated, contingent or non-contingent, asserted or non-asserted, fixed, matured, disputed, legal or equitable, known or unknown that arose from any obligations of Debtor incurred before the Confirmation. The Confirmation Order shall not discharge Debtor from any debt excepted from discharge under 11 U.S.C. § 523 or 11 U.S.C. § 727.

The Order of Confirmation will grant Debtor a discharge except to the extent that any debt is excepted from discharge or discharge is denied. No one has objected to Debtor's discharge nor claimed that they hold a non-dischargeable claim.

The Plan may be modified as provided for by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and Debtor may withdraw the Plan at any time prior to Confirmation.

The Bankruptcy Court will retain jurisdiction as set forth in the Plan.

Pursuant to 11 U.S.C. § 1123(a)(5)(A) and 11 U.S.C. § 1141, and except where otherwise expressly provided in this Plan, on the Effective Date, title to all assets and properties of the Debtor's estate shall pass to the Reorganized Debtor, free and clear of all Claims, interests, liens, charges and other interests of creditors arising prior to the Effective Date, except as otherwise provided in the Plan.

Q.  VOTING ON THE PLAN AND CONFIRMATION

The holder of an allowed claim or interest may accept or reject the Plan in the amount of the allowed claim. A class of claims has accepted the Plan if such plan has been accepted by creditors, other than a creditor whose acceptance or rejection was not in good faith, that hold at least two-thirds (2/3) in amount and more than one-half in number of the allowed claims of such class held by creditors, other than a creditor whose acceptance or rejection was not in good faith, that have accepted or rejected the Plan.

A class is deemed not to have accepted the Plan if such plan provides that the claims or interests of such class do not entitle the claims or interests to receive or retain any property under the Plan on account of such claims or interests.

All representations made to secure acceptance of this Plan are in this Disclosure Statement. Any representations made that are not in this Disclosure Statement should not be relied upon and should be reported to the United States Trustee.

Creditors are urged to read the Plan in full since the terms of the Plan control to the extent of any inconsistency between this disclosure statement and the Plan. Creditors are encouraged to consult with counsel and with each other in order to fully understand the plan before voting on it. The Plan represents a legally binding agreement with the Debtor. An intelligent judgment concerning the Plan cannot be made without understanding it. The Debtor reserves the right to object to claims, notwithstanding any statement as to amounts of claims made in this summary.

If all requirements for confirmation of the Plan under the Bankruptcy Code have been satisfied except that the Plan is not accepted by all classes of claims, the Court may confirm the Plan without the acceptance of all classes of claims if the Court finds that the Plan does not discriminate unfairly, and is fair and equitable (within the meaning of the Bankruptcy Code), with respect to each class of claims that is impaired under, and has not

accepted, the Plan. The Bankruptcy Court will set a hearing and rule on confirmation of the Plan in accordance with the Bankruptcy Code.

Each impaired creditor of record will receive a ballot for voting on the Plan. You should complete, date and sign your ballot and file it in person or by mail with Sirody, Freiman and Feldman, P.C., 1777 Reisterstown Road, Suite 360, Baltimore, Maryland 21208. All ballots must be **received** at the offices of Sirody, Freiman and Feldman, P.C., 1777 Reisterstown Road, Suite 360, Baltimore, Maryland 21208 by 5:00 P.M. on the date set by the Court.

Respectfully submitted this 15th day of July, 2009.


/s/ Stephen A. Vincent
Stephen A. Vincent
Managing Member
La Mesa Racing, LLC
Debtor-in-Possession

/s/Jeffrey M Sirody
Jeffrey M. Sirody Bar No 11715
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, Maryland 21208
(410) 415-0445