IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| IN RE: | ) Case No: 07-17069-NVA |
| | ) |
| **LA MESA RACING, LLC,** | ) Chapter 11 |
| | ) |
| **Debtor.** | ) |
| | ) |
| _____ | / |

### DISCLOSURE STATEMENT OF ZOKAITES PROPERTIES, LP:

Zokaites Properties, LP ("Zokaites"), a creditor and party in interest of La Mesa Racing, LLC (the "Debtor"), hereby submits this Disclosure Statement pursuant to 11 U.S.C. § 1125 and in connection with his Chapter 11 Plan of Reorganization (the "Plan"), which was filed together with this Disclosure Statement.

### INTRODUCTION:

Zokaites provides this Disclosure Statement to all of Debtor's known creditors and other parties-in-interest in order to disclose information deemed by Zokaites to be material, important and necessary for the creditors to arrive at a reasonably informed decision in exercising their rights to vote for acceptance of the Plan.

No statements or information concerning the Plan and the transactions contemplated thereby have been authorized other than the information set forth herein. All other statements regarding the Plan and the transactions contemplated, whether written or oral, are unauthorized. Any capitalized terms not otherwise defined herein shall have the meanings of such terms under the Code or the Plan.

The Bankruptcy Court will schedule a hearing to consider timely objections to this Disclosure Statement and on confirmation of the Plan. The hearing may be adjourned from time to time without further notice other than announcement in court on the scheduled date of such hearing. At the hearing, the Court will consider whether the Plan satisfies the various requirements of the Code, including whether the Plan is feasible and whether it is in the best interests of the creditors. The Court will then also receive and consider a ballot report prepared by the Debtor summarizing the votes for acceptance or rejection of the Plan.

No representations concerning Debtor or the estimated value of Debtor's property are authorized by Zokaites other than as set forth in this Disclosure Statement. Any representation or inducements made to secure your acceptance which are other than as contained in this Disclosure Statement should not be relied upon you in casting your vote with respect to the Zokaites' proposed Plan. Zokaites believes that the Plan provides the greatest and earliest possible

recoveries to all creditors. Zokaites believes that acceptance of the Plan is in the best interests of all creditors and recommends that they vote to accept the Plan.

No independent verification of the contents of this Disclosure Statement and the exhibits hereto has been made by Zokaites, nor his attorneys employed by him. All creditors and other parties affected by the Plan are urged to consult their own counsel as to the provisions and effect of the Plan. Any terms used in this Disclosure Statement that are defined in the Plan shall have the meaning ascribed to them in the Plan.

### A.   DEBTOR'S BUSINESS AND FINANCIAL DIFFICULTIES:

On July 31, 2007, this case was commenced by the filing of an Involuntary Petition against La Mesa by an insider, Transamerican Commercial, Ltd. ("Transamerican"). Transamerican is related to William Siskind, a former member of the Debtor.

Debtor is a limited liability company formed under the laws of New Mexico. La Mesa was comprised of two members, William L. Siskind and Stephen A. Vincent. Debtor's assets consist of one asset, La Mesa racetrack, in Raton, New Mexico. The racetrack consists of 213 acres of land that was valued by Mr. Vincent in his plan at approximately $50,000 and a grandstand that must be demolished and has no value.

A Consent to Order for Relief was filed by Siskind. On August 15, 2007, a Motion to Convert Case to Chapter 11 was filed by Siskind, purporting to act on behalf of La Mesa.

On August 20, 2007, this Court entered an Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements. Also on August 20, 2007, this Court entered an Order Converting Chapter 7 Case to a Case Under Chapter 11 on Debtor's Request (docket no. 10) (the "Chapter 11 Order"). The Chapter 11 Order was entered upon the Motion to Convert filed by Siskind, purporting to act on behalf of La Mesa.

### B.   DEVELOPMENTS DURING THE CHAPTER 11 CASE:

Since the filing of the Chapter 11 Petition, Debtor has not borrowed any money, issued any securities, or transferred or sold any assets.

### C.   PLAN SUMMARY, GENERALLY:

The Plan provides for the payment of creditors as provided in the Plan and as summarized in Section E herein. The Plan should provide sufficient assets to pay secured and administrative creditors in full, general unsecured creditors in full, and $1,000 to equity interests holders. The Effective Date of the Plan is ninety (90) days after entry of the Confirmation Order.

A copy of the plan is attached as Exhibit 1.

**D.     PLAN TREATMENT OF CLAIMS:**

The Plan divides the Claims into a total of 3 classes.

Class 1 - Priority Claims, including Administrative Claims.

Class 1 consists of administrative expense claims entitled to priority under 11 U.S.C. § 507. The holders of Claims in this class are expected to be Gohn, Hankey and Stichel, with an estimated claim of $24,000.00, Sirody, Freiman and Feldman, with an estimated claim of $5,000 and Stephen A. Vincent, with an estimated claim of $2,500. The holders of the claims in this class shall be paid their Allowed Claims on the Effective Date from the Plan Funds. Zokaites believes that no other claims of this class exist. Class 1 is not impaired by the Plan.

Class 2 – Allowed Unsecured Claims.

This class consists of general unsecured claims, without priority. The holders of Allowed Claims in this class shall be paid their Allowed Claims on the Effective Date from the Plan Funds. Debtor scheduled claims in the amount of $325,215.13. Class 2 is not impaired by the Plan.

Class 3 – Equity Interests.

The holders of the claims in this class shall be paid $1,000 on the Effective Date from the Plan Funds. Class 3 may not impaired by the Plan because the Plan Funds provide for the payment by Zokaites of an amount up to $450,000. Based upon a plan filed by Stephen Vincent, the majority equity interest holder of the Debtor, with particular knowledge of the Debtor, the value of the debtor's assets is $50,000. Thus, if Vincent's valuation of the Debtor's assets is correct, and the sum of the Class 1 and 2 claims which is $407,744 which are being paid in full, then the distribution to the Class 3 members would not be impaired. However, Zokaites has not obtained an appraisal or other valuation of the Debtor's assets so it is unknown whether this Class 3 is impaired.

A schedule of each claim is attached hereto as Exhibit "2".

**[Rest of Page Left Intentionally Blank]**

E. **CHAPTER 11 REORGANIZATION COMPARED TO CHAPTER 7 LIQUIDATION:**

Liquidation Analysis of Debtor:

| | |
|---|---|
| Sale of Le Mesa Racetrack | $ 50,000 |
| Gross Liquidation Proceeds | $ 50,000 |
| Liquidation Expenses | ($15,000) |
| Net Liquidation Proceeds | $ 35,000 |
| | |
| Amount Available for Creditors | $ 35,000 |
| Administrative Claims | ($30,500) |
| Amt Available for Unsecured Creditors & Equity Interests | $ 4,500 |
| | |
| Total Unsecured Creditors' Claims   $407,744 | |
| | |
| Percentage Distribution to Unsecureds | 1.10% |
| | |
| Percentage Distribution to Equity Interests | 0.00% |

Explanation of Above Analysis.

Were this case converted to a case under Chapter 7, there would be approximately a 1.10% distribution to allowed claims of unsecured creditors (Class 2) and a 0.00% distribution to equity interests. This analysis does not take into account the costs and expenses of administration of the Chapter 7. The estimated sale proceeds from the racetrack was taken from the plan proposed by Stephen Vincent who estimated such proceeds at $50,000. Zokaites knows of no avoidance recoveries or action available to the trustee.

Under the Plan, all allowed secured, administrative, and unsecured claims in Classes 1 and 2 will be paid in full. Further, $1,000 will be paid to the equity interest holders under Class 3.

F. **CHAPTER 11 DISTRIBUTION ANALYSIS:**

Zokaites will pay all Allowed Claims in full and will pay $1,000 to the equity interest holders. Zokaites, therefore, believes that the Plan will net the greatest distribution for the creditors and equity interest holders.

Based upon the current financial status of Debtor, Zokaites' Plan is in the best interests of all parties. Zokaites has determined that the payments proposed in the Plan are feasible. Acceptance of the Plan will enable Debtor to obtain maximum recovery for its creditors and equity interest holders.

**G.    RISK FACTORS BEARING ON THE SUCCESS OF THE PLAN:**

Zokaites has expended substantial time and money to formulate a viable Plan that will maximize the recovery to the Debtor's creditors and equity interest holders. Zokaites, to the best of his knowledge, incorporated in the Plan all realistic future factors that would affect and bear on the success of the Plan. As a result, Zokaites expects no surprises that will cause the Plan to be unsuccessful.

**H.    MEANS OF EFFECTUATING THE PLAN:**

Zokaites' Plan shall be effectuated through distribution of the Plan Funds.

**I.    SECURITIES TO BE ISSUED:**

Zokaites intends to issue no securities.

**J.    INSIDERS AND AFFILIATE TRANSACTIONS:**

There are no insider transactions in the Debtor's bankruptcy case.

**K.    TRUSTEE OR EXAMINER:**

There is no trustee or examiner in this Chapter 11 case.

**L.    CREDITORS' COMMITTEE:**

No Creditors' Committee has been appointed in this Chapter 11 case.

**M.    PLAN PROPONENT:**

Zokaites Properties, LP is the Plan Proponent.

**N.    GUARANTEES OF DEBTS:**

There are no guarantees of the Debtor's debts that would have an effect on the Liquidation Analysis.

**O.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

Debtor has no executory contracts or unexpired leases.

**P.    OTHER PROVISIONS OF THE PLAN:**

The Plan provides that the Confirmation Order shall be a permanent injunction against enforcement of, and, except as otherwise agreed in writing by Zokaites, shall discharge the Debtor from all debt that arose before the Confirmation Date and any debt of any kind specified

in 11 U.S.C. §§ 502(g), 502(h) or 502(i) whether or not a proof of claim based upon such debt is filed or deemed filed under 11 U.S.C. § 501 and whether or not the holder of such Claim has accepted the Plan.

The Confirmation Order shall discharge Debtor from any debt whether or not such debt is reduced to judgment, liquidated or unliquidated, contingent or non-contingent, asserted or non-asserted, fixed, matured, disputed, legal or equitable, known or unknown that arose from any obligations of Debtor incurred before the Confirmation. The Confirmation Order shall not discharge Debtor from any debt excepted from discharge under 11 U.S.C. § 523 or 11 U.S.C. § 727.

The Order of Confirmation will grant Debtor a discharge except to the extent that any debt is excepted from discharge or discharge is denied. No one has objected to Debtor's discharge nor claimed that they hold a non-dischargeable claim.

The Plan may be modified as provided for by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and Zokaites may withdraw the Plan at any time prior to Confirmation.

The Bankruptcy Court will retain jurisdiction as set forth in the Plan.

Pursuant to 11 U.S.C. § 1123(a)(5)(A) and 11 U.S.C. § 1141, and except where otherwise expressly provided in this Plan, on the Effective Date, title to all assets and properties of the Debtor's estate shall pass to Zokaites, free and clear of all Claims, interests, liens, charges and other interests of creditors arising prior to the Effective Date.

### Q. VOTING ON THE PLAN AND CONFIRMATION:

The holder of an allowed claim or interest may accept or reject the Plan in the amount of the allowed claim. A class of claims has accepted the Plan if such plan has been accepted by creditors, other than a creditor whose acceptance or rejection was not in good faith, that hold at least two-thirds (2/3) in amount and more than one-half in number of the allowed claims of such class held by creditors, other than a creditor whose acceptance or rejection was not in good faith, that have accepted or rejected the Plan.

A class is deemed not to have accepted the Plan if such plan provides that the claims or interests of such class do not entitle the claims or interests to receive or retain any property under the Plan on account of such claims or interests.

All representations made to secure acceptance of this Plan are in this Disclosure Statement. Any representations made that are not in this Disclosure Statement should not be relied upon and should be reported to the United States Trustee.

Creditors are urged to read the Plan in full since the terms of the Plan control to the extent of any inconsistency between this Disclosure Statement and the Plan. Creditors are encouraged to consult with counsel and with each other in order to fully understand the plan before voting on

it. The Plan represents a legally binding agreement with Zokaites. An intelligent judgment concerning the Plan cannot be made without understanding it. Zokaites reserves the right to object to claims, notwithstanding any statement as to amounts of claims made in this summary.

If all requirements for confirmation of the Plan under the Bankruptcy Code have been satisfied except that the Plan is not accepted by all classes of claims, the Court may confirm the Plan without the acceptance of all classes of claims if the Court finds that the Plan does not discriminate unfairly, and is fair and equitable (within the meaning of the Bankruptcy Code), with respect to each class of claims that is impaired under, and has not accepted the Plan. The Bankruptcy Court will set a hearing and rule on confirmation of the Plan in accordance with the Bankruptcy Code.

Each impaired creditor of record will receive a ballot for voting on the Plan. You should complete, date and sign your ballot and file it in person or by mail with George E. Brown, Esquire, Kramon & Graham, One South Street, Suite 2600, Baltimore, Maryland 21202. All ballots must be **received** at the offices of George E. Brown by 5:00 P.M. on the date set by the Court.

Respectfully submitted this 7th day of December, 2009.

/s/ George E. Brown
George E. Brown
Kramon & Graham
One South Street
Suite 2600
Baltimore, Maryland  21202
gbrown@kg-law.com
(410) 752-6030 (Telephone)
(410) 539-1269 (Facsimile)

Counsel for the Proponent
Zokaites Properties, LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2009, a copy of the Disclosure Statement of Zokaites Properties, LP was mailed *via* first-class mail, postage prepaid to all creditors on the attached matrix taken from the Court's website and electronically transmitted to the U.S. Trustee.

/s/ George E. Brown
George E. Brown

```
Label Matrix for local noticing          Bank of America N.A.                    Gray & Associates, LLC
0416-1                                   475 Crosspoint Pkwy                     c/o Jodie E. Buchman
Case 07-17069                            P.O. Box 9000                           DLA Piper US LLP
District of Maryland                     Getzville, NY 14068-9000                6225 Smith Avenue
Baltimore                                                                        Baltimore, MD 21209-3626
Mon Dec  7 09:39:55 EST 2009

Jeffrey Siskind, Esquire                 La Mesa Racing, LLC                     Lisa Morrow, PR of the Estate of John Morrow
c/o G. David Dean, Esquire               829 South 5th Street                    P.O. Box 10
Saul Ewing LLP                           St. Raton, NM 87740-4215                Capulin, NM 88414-0010
500 East Pratt Street, Suite 800
Baltimore, MD 21202-3171


Sirody Freiman & Feldman                 Transamerican Commercial, Ltd.          US Trustee - Baltimore 11
1777 Reisterstown Road                   1 North Charles Street                  Garmatz Federal Courthouse
Suite 360                                Suite 2310                              101 West Lombard Street
Baltimore, MD 21208-6318                 Baltimore, MD 21201-3700                Suite 2625
                                                                                 Baltimore, MD 21201-2668


Alan J. Perlman, Pro Hac Vice            Alan M. Grochal                         Altel
Adorno & Yoss, LLP                       Tydings & Rosenberg, LLP                One Allied Drive
350 E. Las Olas Blvd., Suite 1700        100 East Pratt Street                   Cuilding 4 Second Floor
Ft. Lauderdale FL 33301-4217             26th Floor                              Little Rock, AR 72202-2013
                                         Baltimore, MD 21202-1097


Cable & Wireless                         Casino del Caribe                       Culver, Billie
46020 Manekin Plaza                      367 George Washington Avenue            829 South 5th Street
Sterling, VA 20166-6639                  Santo Domingo                           Raton, NM 87740-4215
                                         Dominican Republic


Eric Culver                              Eric N. Culver                          Frank Zokailtes
829 South 5th Street                     829 South 5th Street                    375 Golfside Drive
Raton, NM 87740-4215                     Raton NM 87740-4215                     Wexford, PA 15090-9419


G. David Dean,Esq.                       Gary R. Greenblatt                      Gray & Associates, LLC
Saul Ewing LLP                           Mehlman, Greenblatt & Hare, LLC         c/o Jodie E. Buchman
Lockwood Place                           723 South Charles Street                6225 Smith Avenue
500 E. Pratt Street, Suite 800           Ste LL3                                 Baltimore MD 21209-3626
Baltimore, MD 21202-3171                 Baltimore MD 21230-3853


ILD Telecommunications                   Jeffrey M. Siskind, Esquire             Jeremy S. Friedberg
8401 Datapoint Drive                     c/o G. David Dean, Esquire              Leitess Leitess Freidberg & Fedder, PC
Suite 100                                Saul Ewing, LLP                         One Corporate Center
San Antonio, TX 78229-5382               500 E. Pratt Street, Suite 800          10451 Mill Run Circle, Ste. 1000
                                         Baltimore, MD 21202-3171                Owings Mills MD 21117-5519


John Morrow Estate                       John Rovedo, CPA                        La Mesa Racing. LLC
c/o Linda Morrow                         6817 Southpoint Parkway                 1620 South 2nd Street
P.O. Box 10                              Suite 801                               Raton, NM 87740-2100
Capulin, NM 88414-0010                   Jacksonville, FL 32216-6292


Office of the US Trustee                 Quest                                   Richard M. Kremen, Esq.
101 W. Lombard Street                    P.O. Box 29060                          Jodie E. Buchman, Esquire
Ste. 2625                                Phoenix, AZ 85038-9060                  DLA Piper US LLP
Baltimore MD 21201-2668                                                          6225 Smith Avenue
                                                                                 Baltimore MD 21209-3626
```

Siskind, William
3504 Old Court Road
Pikesville, MD 21208-3123

Alan J. Perlman
c/o Adorno & Yoss, LLP
350 E. Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301-4217

Billie Culver
829 South 5th Street
Raton, NM 87740-4215

Jan Berlage
Gohn Hankey & Stichel
201 N. Charles Street
Suite 2101
Baltimore, MD 21201-4182

Jeffrey M. Sirody
Sirody, Freiman & Feldman
1777 Reisterstown Road
Suite 360 E
Baltimore, MD 21208-1306

Jeremy S. Friedberg
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, MD 21117-5519

Stephen A. Vincent
c/o Jeremy S. Friedberg
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, MD 21117-5519

William L. Siskind
1 N Charlrs street
suite 2310
Baltimore, MD 21201-3700


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Transamerican Commercial Ltd.
1 North Charles Street
Suite 2310
Baltimore MD 21201-3700

(d)Transamerican Commercial Ltd.
1 North Charles Street
Suite 2310
Baltimore, MD 21201-3700

End of Label Matrix
Mailable recipients    37
Bypassed recipients     2
Total                  39