IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| IN RE: | ) Case No: 07-17069-NVA |
| | ) |
| LA MESA RACING, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| _____ / | |

LA MESA RACING, LLC
**CHAPTER 11 PLAN OF REORGANIZATION**

Zokaites Properties, LP ("Zokaites"), a creditor and party in interest of La Mesa Racing, LLC (the "Debtor"), proposes this Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code.

ARTICLE I
**DEFINITIONS:**

1.  The capitalized terms used herein shall have the respective meanings set forth below.

1.1. "Administrative Creditor" shall mean any creditor entitled to payment of an Administrative Claim.

1.2. "Administrative Claim" shall mean any Claim constituting a cost or expense of administration of the Chapter 11 case allowed under 11 U.S.C. § 503 (b) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the estate of the Debtor, any actual and necessary costs and expenses of operating the businesses of the Debtor, any indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of his business or for the acquisition or lease of property or the rendition of services, any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order under 11 U.S.C. § 330, whether arising before or after the Effective Date, and any fees or charges assessed against the estate of the Debtor under Section 1930, Chapter 123, Title 28, United States Code.

1.3. "Allowed", when used with respect to a Claim, shall mean: (i) a Claim against the Debtor, proof of which was timely filed and for which no timely objection is filed; or (ii) if no proof of claim was timely filed, a Claim that has been scheduled in the case by the Debtor as liquidated in amount and not disputed or contingent and as to which no objection has been filed; or (iii) a Claim as to which an objection has been filed, but which has been allowed in whole or in part by a final order of the Bankruptcy Court, to the extent so allowed.

1.4. "Bankruptcy Code" shall mean Title 11 of the United States Code, as amended, and related statutes, as applicable to the Case and as in effect as of the date hereof or as hereafter amended.

1.5. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Maryland having jurisdiction over Debtor and the Case.

1.6. "Allowed Secured Claim" shall mean a Claim which is both an Allowed Claim and a Secured Claim as provided herein and in the Bankruptcy Code.

1.7. "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure.

1.8. "Case" shall mean the above captioned Chapter 7 case commenced against the Debtor under the Bankruptcy Code by the petition filed July 31, 2007 in the United States Bankruptcy Court for the District of Maryland and converted to Chapter 11 on August 20, 2007.

1.9. "Claim" shall mean any right to payment from Debtor, as defined in Section 101(5) of the Bankruptcy Code, including, but not limited to, priority and general claims and any claims arising from the rejection of executory contracts and unexpired leases of Debtor.

1.10. "Class" shall mean a category or group of holders of Claims or Equity Interests as designated pursuant to Article II of this Plan.

1.11. "Confirmation Date" shall mean the date of entry of the Confirmation Order.

1.12. "Confirmation Order" shall mean the order of the Bankruptcy Court confirming this Plan, as the same may be modified or amended.

1.13. "Contested" when used with respect to a Claim shall mean that portion of a Claim against the Debtor to which Debtor objects to having allowed as an Allowed Claim.

1.14. "Creditor" shall mean the holder of a Claim.

1.15. "Disallowed", when used with respect to all or any part of a Claim, shall mean the status of that portion of a Claim that is Contested, upon entry of an order by the Bankruptcy Court upholding the objection, to the extent that the objection is upheld by the Bankruptcy Court.

1.16. "Effective Date" shall mean the first business day that is thirty (30) calendar days after entry of the Confirmation Order, upon which date, distributions shall be made under this Plan.

1.17. "Final Order" shall mean an order or judgment of the Bankruptcy Court or any other court or adjudicative body, as to which the time to appeal or seek rehearing or petition for certiorari shall have expired or which order or judgment shall no longer be subject to appeal,

rehearing or certiorari proceeding and with respect to which no appeal, motion for rehearing or certiorari proceeding or stay shall then be pending.

1.18. "Lien" shall mean a charge against or interest in property to secure payment of a debt or enforcement of an obligation and shall include consensual and non-consensual liens, security interests and real property mortgages and deeds of trust.

1.19. "Objection" shall mean an objection to the allowance of a Claim filed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court.

1.20. "Person" shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity or unit or political subdivision thereof, or any other entity.

1.21. "Plan" shall mean this Chapter 11 Plan for Debtor as it may be modified or amended from time to time, and all exhibits and schedules hereto.

1.22. "Plan Ballot Deadline" shall mean the date fixed by the Bankruptcy Court by which the ballots on this Plan must be received by the Debtor.

1.23. "Plan Funds" shall mean the sum up to $450,000.00.

1.24. "Priority Claim" shall mean a claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code.

1.25. "Property of the Debtor" shall mean real or personal property owned by Debtor.

1.26. "Pro Rata Share" shall mean the proportion that the amount of a claim in a particular class bears to the aggregate amount of all Claims in such class.

1.27. "Secured Claim" shall mean any Claim secured by a valid, perfected and enforceable lien against Property of the Debtor, but only to the extent of the value of the Collateral securing such claim (after deduction of the amounts of senior liens) and such claim shall not include default interest or late charges but may include costs of collection including attorneys fees.

1.28. "Tax Code" shall mean the Internal Revenue Code of 1986, as amended, or corresponding provisions of any subsequent federal revenue act.

1.29. "Tax Return" shall mean any federal income tax return filed by Debtor.

1.30. "Unsecured Claim" shall mean a Claim, other than an Administrative Claim, a Priority Tax Claim, or a Secured Claim.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS:

The Claims against Debtor and equity interests are classified as follows:

2.1. *Class 1* Priority Claims, including Administrative Claims.

2.2. *Class 2* Allowed Unsecured Claims.

2.3. *Class 3* Equity Interests.

## ARTICLE III
## IDENTIFICATION OF IMPAIRED CLASSES
## OF CLAIMS AND EQUITY INTERESTS:

3.1. *Unimpaired Classes of Claims.* Class 1 is not impaired under this Plan. Class 2 is not impaired under this Plan.

3.2. *Impaired Equity Interest.* Class 3 equity interests of the Debtor may not be impaired.

3.3. *Impairment Controversies.* If a controversy arises as to whether any class of Claims is impaired under this Plan, the Bankruptcy Court shall determine such controversy.

## ARTICLE IV
## PROVISIONS FOR SATISFACTION OF CLAIMS:

In full and complete satisfaction, discharge and release of the Claims against Debtor and Property of the Debtor, the holders of Claims shall be accorded the treatment as set forth below:

4.1. *Class 1 – Priority Claims.*

    4.1A. Except as set forth in Section 4.1B, each Priority Claim shall be paid in full on the Effective Date or in accordance with such other agreement as may be agreed to by Debtor and the holder of an Priority Claim.

    4.1B. Claims of Professionals. All Administrative Creditors that are awarded compensation or reimbursement of expenses by the Bankruptcy Court as professionals of the Debtor shall be paid in full such amounts as are allowed by the Bankruptcy Court, as a priority claim (a) upon the later of: (i) the Effective Date; or (ii) the date upon which the Bankruptcy Court order with respect to any such Administrative Claim becomes a Final Order, or (b) upon such other terms as such Administrative Creditor may accept.

4.2. *Class 2 – Allowed Unsecured Claims*. Holders of Allowed Unsecured Claims in Class 2 shall be paid in full on the Effective Date or in accordance with such other agreement as may be agreed to by Debtor and the holder of an Allowed Unsecured Claim.

4.3. *Class 3 – Equity Interests*. The equity interest holders of the Debtor shall receive the sum of $1,000 on the Effective Date of the Plan. Class 3 may not be impaired by the Plan.

4.4  In consideration of the sum up to $450,000, all property of Debtor shall be conveyed to Zokaites Properties, LP free and clear of all claims and interests. To the extent there remains Plan Funds after payments to the Class 1, 2, and 3 Claims as set forth herein, any such excess shall become the property of Zokaites.

## ARTICLE V
## MEANS FOR THE EXECUTION OF THE PLAN:

5.1. *Payments to Holders of Class 1 and 2 Claims*. Upon the Effective Date, or such other time as provided in Section 4.1 of the Plan, Zokaites shall pay to each holder of a Class 1 and 2 Claim an amount equal to one hundred percent (100%) of the Allowed Amount of their respective Claims, without interest, in full settlement, release and discharge thereof.

5.2. *Payments to Holders of Class 3 Claims*. Upon the Effective Date, or such other time as provided in Section 4.3 of the Plan, Zokaites shall pay to each equity interest holder a pro-rata share of the gross amount of $1,000 in full exchange for their equity interests that shall, following payment, be extinguished.

## ARTICLE VI
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

6.1. *Assumption and Rejection*. All executory contracts and unexpired leases of Debtor are hereby rejected except those expressly assumed in accordance with the Bankruptcy Code.

## ARTICLE VII
## PROVISIONS GOVERNING DISTRIBUTIONS:

7.1. *Means of Payment*. Payments made pursuant to this Plan shall be by check drawn on a domestic bank. Zokaites shall serve as disbursing agent unless the Bankruptcy Court appoints another person in the Confirmation Order.

7.2. *Delivery of Distributions*. Distributions to holders of Allowed Claims shall be made at the addresses set forth in the Schedules or in the proofs of claim filed by such holders. If any Creditor's distribution is returned as undeliverable, no distribution to such Creditor shall be made unless and until Zokaites is notified of such Creditor's then current address, at which time all missed distributions shall be made to such Creditor without interest; provided, however, that Zokaites shall reasonably attempt to locate any such Creditor. All claims for undeliverable

distributions shall be made on or before the ninetieth (90th) day after the Effective Date. After such date, all unclaimed funds shall become property of Zokaites.

7.3. *Time Bar to Payments.* Checks issued pursuant to the Plan in respect of Allowed Claims shall be null and void if not cashed within 90 days of the date of issuance thereof. Requests for reissuance of any check shall be made directly to Zokaites by the holder of the Allowed Claim with respect to which such check originally was issued. Any claim in respect of such a void check shall be made on or before the later of the third anniversary of the Effective Date. After such date, all claims in respect of void checks shall be barred, and the funds or distributions shall become the property of Zokaites.

## ARTICLE VIII
## MISCELLANEOUS PROVISIONS:

8.1. *Setoffs.* Except as otherwise provided in the Plan, the Debtor may set off against any Claim, claims of any nature that the estate or the Debtor may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claim or set off that the estate or the Debtor may have against such holder.

8.2. *Maintenance of Causes of Action.* After Confirmation of this Plan (unless such action is filed sooner), Debtor may commence any avoidance or recovery actions under Sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code or any other causes of action, rights to payments of claims that belong to the Debtor or the Estate and any recoveries made pursuant to this Section shall be available for distribution to Zokaites. Claims objections shall be filed by Debtor within sixty (60) days after Confirmation.

8.3. *Request for Cramdown under Section 1129(b)(1) of the Bankruptcy Code.* The Plan shall be deemed a request for cramdown under Section 1129(b)(1) of the Bankruptcy Code of any class entitled to vote that does not accept the Plan under Section 1126 of the Bankruptcy Code.

8.4. *Effect of Confirmation.* Except as provided in the Plan, the Confirmation Order shall discharge Debtor from any debt that arose before the Confirmation Date and any debt of any kind specified in Section 502(g), Section 502(h), or Section 502(i) of the Bankruptcy Code whether or not a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code and whether or not the holder of such Claim has accepted the Plan.

8.5. *Title to Assets.* Title to all assets not otherwise dealt with in the Plan shall vest in Zokaites free and clear of all Claims except as otherwise set forth in the Plan.

## ARTICLE IX
## CONSUMMATION OF PLAN:

9.1. *Zokaites' Duties.* Zokaites shall have the following duties: (a) Cause disbursements to be made as provided for in this Plan; and (b) Take such other actions as may be required by the Plan.

9.2. *Retention of Jurisdiction.* Until the Bankruptcy Court closes the Case, the Bankruptcy Court shall retain all legally permissible jurisdiction over Debtor and all creditors of Debtor, including (without limitation) that necessary to perform the following functions:

9.2.1. Insure that Zokaites and other parties-in-interest carry out the purpose, terms and intent of the Plan;

9.2.2. Hear and determine all litigation subject to Bankruptcy Court jurisdiction, including contested matters, claims objections and adversary proceedings;

9.2.3. Classify a Claim of any creditor and re-examine Claims which the Bankruptcy Court has allowed for purposes of voting;

9.2.4. Resolve any matters related to the assumption, or rejection of any executory contract or unexpired lease to which Debtor are a party or with respect to which Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom, including the amount necessary to cure any monetary defaults in assumed agreement or to add or delete any executory contract or unexpired lease from the list of executory contracts and unexpired leases to be rejected.

9.2.5. To determine any and all required applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;

9.2.6. To determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Effective Date;

9.2.7. To consider any modifications of the Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

9.2.8. To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or any person's obligations under the Plan and to determine all Claims against any party to whom the Debtor, may be liable in contribution, reimbursement, or indemnity;

9.2.9. To issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code; and 9.2.10. To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order.

9.3.   *Modification of Plan.* Modifications of this Plan may be proposed in writing by Zokaites at any time before Confirmation, provided that this Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code. Zokaites shall have complied with Section 1125 of the Bankruptcy Code. This Plan may be modified at any time after Confirmation and before its substantial consummation, provided that the Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under Section 1129 of the Bankruptcy Code. Substantial Consummation shall occur when the Plan is confirmed. A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection. This Plan may be withdrawn by Zokaites at any time prior to Confirmation.

9.4.   *Limitations of Liability.* Zokaites and its attorneys, agents, and other professionals whose employment was approved by the Bankruptcy Court during the case shall neither have nor incur any liability to any entity for any act taken or omitted to be taken prior to the Confirmation Date in connection with or related to the Case, including: (1) any act taken or omitted to be taken in connection with, related to or leading to the filing of the Case; (2) any act taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination or Confirmation of the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created or entered into, or any other act taken or omitted to be taken in connection with, the Plan, the Disclosure Statement or the Confirmation Order; or (3) any act taken or omitted to be taken in connection with any estimation, projection, evaluation or investigation undertaken or prepared in connection with the formulation of the Plan, the Disclosure Statement or the Confirmation Order; provided, however, (a) that the foregoing provisions shall have no effect on the liability of any person that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct.

9.5.   *Service of Documents on Debtor.* Any pleading, notice or other document required by the Plan or Confirmation Order to be served on or delivered to Zokaites shall be sent by first class U.S. mail, postage prepaid, to:

George E. Brown, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202

Respectfully submitted this 7th day of December, 2009.

/s/ George E. Brown
George E. Brown
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, Maryland  21202
gbrown@kg-law.com
(410) 752-6030 (Telephone)
(410) 539-1269 (Facsimile)

Counsel for the Proponent
Zokaites Properties, LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2009, copies of the Chapter 11 Plan of Reorganization were mailed, first class mail, postage prepaid to: All creditors on the attached matrix taken from the Court's website and electronically transmitted to the U.S. Trustee.

/s/ George E. Brown
George E. Brown

```
Label Matrix for local noticing          Bank of America N.A.                    Gray & Associates, LLC
0416-1                                   475 Crosspoint Pkwy                     c/o Jodie E. Buchman
Case 07-17069                            P.O. Box 9000                           DLA Piper US LLP
District of Maryland                     Getzville, NY 14068-9000                6225 Smith Avenue
Baltimore                                                                        Baltimore, MD 21209-3626
Mon Dec  7 09:39:55 EST 2009

Jeffrey Siskind, Esquire                 La Mesa Racing, LLC                     Lisa Morrow, PR of the Estate of John Morrow
c/o G. David Dean, Esquire               829 South 5th Street                    P.O. Box 10
Saul Ewing LLP                           St. Raton, NM 87740-4215                Capulin, NM 88414-0010
500 East Pratt Street, Suite 800
Baltimore, MD 21202-3171


Sirody Freiman & Feldman                 Transamerican Commercial, Ltd.          US Trustee - Baltimore 11
1777 Reisterstown Road                   1 North Charles Street                  Garmatz Federal Courthouse
Suite 360                                Suite 2310                              101 West Lombard Street
Baltimore, MD 21208-6318                 Baltimore, MD 21201-3700                Suite 2625
                                                                                 Baltimore, MD 21201-2668


Alan J. Perlman, Pro Hac Vice            Alan M. Grochal                         Altel
Adorno & Yoss, LLP                       Tydings & Rosenberg, LLP                One Allied Drive
350 E. Las Olas Blvd., Suite 1700        100 East Pratt Street                   Cuilding 4 Second Floor
Ft. Lauderdale FL 33301-4217             26th Floor                              Little Rock, AR 72202-2013
                                         Baltimore, MD 21202-1097


Cable & Wireless                         Casino del Caribe                       Culver, Billie
46020 Manekin Plaza                      367 George Washington Avenue            829 South 5th Street
Sterling, VA 20166-6639                  Santo Domingo                           Raton, NM 87740-4215
                                         Dominican Republic


Eric Culver                              Eric N. Culver                          Frank Zokailtes
829 South 5th Street                     829 South 5th Street                    375 Golfside Drive
Raton, NM 87740-4215                     Raton NM 87740-4215                     Wexford, PA 15090-9419


G. David Dean,Esq.                       Gary R. Greenblatt                      Gray & Associates, LLC
Saul Ewing LLP                           Mehlman, Greenblatt & Hare, LLC         c/o Jodie E. Buchman
Lockwood Place                           723 South Charles Street                6225 Smith Avenue
500 E. Pratt Street, Suite 800           Ste LL3                                 Baltimore MD 21209-3626
Baltimore, MD 21202-3171                 Baltimore MD 21230-3853


ILD Telecommunications                   Jeffrey M. Siskind, Esquire             Jeremy S. Friedberg
8401 Datapoint Drive                     c/o G. David Dean, Esquire              Leitess Leitess Freidberg & Fedder, PC
Suite 100                                Saul Ewing, LLP                         One Corporate Center
San Antonio, TX 78229-5382               500 E. Pratt Street, Suite 800          10451 Mill Run Circle, Ste. 1000
                                         Baltimore, MD 21202-3171                Owings Mills MD 21117-5519


John Morrow Estate                       John Rovedo, CPA                        La Mesa Racing. LLC
c/o Linda Morrow                         6817 Southpoint Parkway                 1620 South 2nd Street
P.O. Box 10                              Suite 801                               Raton, NM 87740-2100
Capulin, NM 88414-0010                   Jacksonville, FL 32216-6292


Office of the US Trustee                 Quest                                   Richard M. Kremen, Esq.
101 W. Lombard Street                    P.O. Box 29060                          Jodie E. Buchman, Esquire
Ste. 2625                                Phoenix, AZ 85038-9060                  DLA Piper US LLP
Baltimore MD 21201-2668                                                          6225 Smith Avenue
                                                                                 Baltimore MD 21209-3626
```

```
Siskind, William                    Alan J. Perlman                      Billie Culver
3504 Old Court Road                 c/o Adorno & Yoss, LLP               829 South 5th Street
Pikesville, MD 21208-3123           350 E. Las Olas Blvd., Ste. 1700     Raton, NM 87740-4215
                                    Ft. Lauderdale, FL 33301-4217


Jan Berlage                         Jeffrey M. Sirody                    Jeremy S. Friedberg
Gohn Hankey & Stichel               Sirody, Freiman & Feldman            Leitess Leitess Friedberg + Fedder PC
201 N. Charles Street               1777 Reisterstown Road               One Corporate Center
Suite 2101                          Suite 360 E                          10451 Mill Run Circle, Suite 1000
Baltimore, MD 21201-4182            Baltimore, MD 21208-1306             Owings Mills, MD 21117-5519


Stephen A. Vincent                  William L. Siskind
c/o Jeremy S. Friedberg             1 N Charlrs street
One Corporate Center                suite 2310
10451 Mill Run Circle, Suite 1000   Baltimore, MD 21201-3700
Owings Mills, MD 21117-5519
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Transamerican Commercial Ltd.    (d)Transamerican Commercial Ltd.     End of Label Matrix
1 North Charles Street              1 North Charles Street               Mailable recipients   37
Suite 2310                          Suite 2310                           Bypassed recipients    2
Baltimore MD 21201-3700             Baltimore, MD 21201-3700             Total                 39
```