**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT BALTIMORE**

| | | | |
|---|---|---|---|
| IN RE: | * | | |
| LA MESA RACING, LLC, | * | CASE NO.: | 07-17069-NVA |
| DEBTOR. | * | (CHAPTER 11) | |

* * * * * * * * * * * *

**PARTY-IN-INTEREST STEPHEN A. VINCENT'S OBJECTION TO PROOF OF CLAIM FILED BY ZOKAITES PROPERTIES, LP**

Party-in-Interest, Stephen A. Vincent, by his attorneys and pursuant to 11 U.S.C. §§ 105 and 502, Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rule 3007-1, files this Objection to the proof of claim filed by Zokaites Properties, LP ("Zokaites Properties"), and for cause states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Objection is proper under 28 U.S.C. §§ 1408 and 1409.

**SUMMARY OF ARGUMENT**

2. By this Objection, Mr. Vincent moves for the disallowance of the proof of claim filed by Zokaites Properties on October 14, 2009 and docketed in the claims register as claim number 3 (the "Proof of Claim"). Mr. Vincent objects to the Proof of Claim because debtor-in-possession, La Mesa Racing, LLC ("Debtor"), had correctly scheduled the claim amount in its bankruptcy schedules without prior objection and because the Proof of Claim is not adequately supported.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

3. Transamerican Commercial, Ltd. ("TCL") commenced this bankruptcy case on July 31, 2007, by filing an involuntary petition against Debtor for relief under Chapter 7 of Title 11 of the United States Code.

4. TCL is an entity formed by William L. Siskind and owned by The Enterprise Trust (the "Trust"). Mr. Siskind formed the Trust in 1991 for the benefit of Judith Siskind, his spouse, and Jeffrey Siskind and Wendy Siskind Buckingham, his children. The main asset of the Trust is the 100% ownership of TCL.

5. TCL is an alter ego of Mr. Siskind and an insider of Debtor.

6. Wendy Buckingham, the Vice President of TCL and Mr. Siskind's daughter, executed the involuntary petition against Debtor on behalf of TCL.

7. Mr. Siskind filed a *Consent to Order for Relief* [Docket No. 6], purportedly in his capacity as a member of Debtor. Mr. Siskind subsequently filed a *Motion to Convert Case from Chapter 7 to Chapter 11* [Docket No. 7], again purportedly in his capacity as a member of Debtor.

8. On August 20, 2007, the Court entered an *Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements* [Docket No. 9] and an *Order Converting Chapter 7 Case to a Case Under Chapter 11 on Debtor's Request* [Docket No. 10].

9. On September 17, 2007, Debtor filed its bankruptcy schedules, including its *Schedule F* [Docket No. 36] ("Schedule F"). Debtor scheduled TCL as unsecured creditor in its Schedule F, holding an unsecured nonpriority claim in the amount of

$151,500.00.  A copy of Debtor's Schedule F is attached hereto as Exhibit 1 and incorporated herein by reference.

      10.     Debtor filed its *Disclosure Statement* (the "Disclosure Statement") and *Chapter 11 Plan of Reorganization of La Mesa Racing, LLC* (the "Chapter 11 Plan") [Docket No. 149] on July 10, 2009.  The Court has not yet entered an order approving the Disclosure Statement or confirming the Chapter 11 Plan.

      11.     Debtor filed an *Amended Schedule F* [Docket No. 154] ("Amended Schedule F") on August 25, 2009.  The Amended Schedule F omitted TCL in its entirety.  A copy of Amended Schedule F is attached hereto as Exhibit 2 and incorporated herein by reference.

      12.     TCL did not object to its omission from Schedule F, nor did TCF object to the Disclosure Statement.

      13.     Zokaites Properties filed its Proof of Claim on October 14, 2009.  A copy of the Proof of Claim is attached hereto as Exhibit 3 and incorporated herein by reference.

      14.     According to the Proof of Claim, Zokaites Properties purportedly is the assignee of TCL and holds a general unsecured, nonpriority claim in the amount of $220,359.86 as of the date of filing the Proof of Claim.  Aside from its attachment itemizing its statement of interest, the Proof of Claim is devoid of any supporting material relating to the basis and amount of the claim.

**LEGAL STANDARD FOR ALLOWANCE AND DISALLOWANCE OF PROOFS OF CLAIM**

15. Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a party in interest. FED. R. BANKR. P. 3001(f); 11 U.S.C. § 502(a).

16. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly filed claim. Id. at 640 (citations omitted). If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." Id. at 461-62 (citation omitted).

**ARGUMENT**

17. TCL did not object its claim as scheduled by Debtor in its Schedule F.

18. Debtor did not schedule Zokaites Properties in its bankruptcy schedules, and Zokaites Properties' Proof of Claim is not adequately supported.

19. The Proof of Claim asserts that Zokaites Properties is the "assignee" of TCL, but the Proof of Claim neither contains a description of the nature of the "assignment" nor proof of such assignment.

20. In addition, while the Proof of Claim sets forth a claim amount of $151,500.00, it provides no evidence of the grounds for the claim. For example, the attachment refers to a "loan made on or about March 20, 2002", but the Proof of Claim is not supported by any loan documents or other documents evidencing the basis for

the claim amount.  In addition, the Proof of Claim asserts interest at six percent "pursuant to Pennsylvania law" without justification.

21.     For these reasons, the Proof of Claim must be disallowed.

22.     Mr. Vincent intends to rely upon this Objection without filing a separate memorandum in support of this Objection.  However, Mr. Vincent reserves the right to file additional or supplemental memoranda if, in Mr. Vincent's opinion, such memoranda will assist the Court in making a determination of the matters raised hereby.

WHEREFORE, party-in-interest Stephen A. Vincent respectfully requests that this Court enter an Order:

A.     Disallowing the proof of claim filed by Zokaites Properties, LP on October 14, 2009 and docketed in the claims register as claim number 3; and

B.     Providing such other and further relief as the Court determines to be necessary.

### NOTICE OF OBJECTION

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the Objection, or if you want the Court to consider your views on the Objection, then within thirty (30) days from the date of service of this Objection, you must file a written response with the Clerk of the Bankruptcy Court explaining your position and mail a copy to:

    Jeremy S. Friedberg, Esquire
    Gordon S. Young, Esquire
    Leitess Leitess Friedberg + Fedder PC
    One Corporate Center
    10451 Mill Run Circle, Suite 1000
    Baltimore, MD 21117

    Jeffrey M .Sirody, Esquire
    Sirody, Freiman & Feldman, P.C.
    1777 Reisterstown Road, Suite 360
    Baltimore, MD 21208

    Office of the U.S. Trustee
    101 W. Lombard Street, Suite 2625
    Baltimore, MD 21201.

If you mail rather than deliver your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the court will receive it by the date stated above.  You may request a hearing that will be held at the Court's discretion.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an order granting that relief.

    Respectfully submitted,

        /s/ Jeremy S. Friedberg
    Jeremy S. Friedberg, Fed. Bar No. 10638
    Gordon S. Young, Fed. Bar No. 14866
    Leitess Leitess Friedberg + Fedder PC
    One Corporate Center
    10451 Mill Run Circle, Suite 1000
    Baltimore, Maryland 21117
    (410) 581-7400
    (410) 581-7410 (facsimile)

    *Attorneys for Stephen A. Vincent*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 8th day of December, 2009, a copy of the foregoing, along with attached exhibits and proposed order, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Zokaites Properties, LP
c/o Frank R. Zokaites
375 Golfside Drive
Wexford, PA 15090

Jeffrey M. Sirody, Esq.
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

Richard M. Kremen, Esq.
Jodie E. Buchman, Esq.
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201.

                                                  /s/ Jeremy S. Friedberg
                                                Jeremy S. Friedberg

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT BALTIMORE**

| | | | |
|---|---|---|---|
| **IN RE:** | * | | |
| **LA MESA RACING, LLC,** | * | **CASE NO.:** | <u>07-17069-NVA</u> |
| **DEBTOR.** | * | **(CHAPTER 11)** | |

* * * * * * * * * * * * * *

<u>**ORDER DISALLOWING CLAIM NUMBER 3 FILED BY ZOKAITES PROPERTIES, LP**</u>

Upon consideration of *Party-in-Interest Stephen A. Vincent's Objection to Proof of Claim Filed by Zokaites Properties, LP* (the "Objection") filed by party-in-interest Stephen A. Vincent, and any response thereto, and the Court finding that the proof of claim filed by Zokaites Properties, LP on October 14, 2009 and docketed in the claims register as claim number 3 (the "Proof of Claim") is not adequately supported, it is hereby:

**ORDERED**, that the Objection is **SUSTAINED**; and it is further

**ORDERED**, that the Proof of Claim is **DISALLOWED**.

cc:

(continued on following page)

102576.doc

Jeremy S. Friedberg, Esq.
Gordon S. Young, Esq.
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, MD 21117

Zokaites Properties, LP
c/o Frank R. Zokaites
375 Golfside Drive
Wexford, PA 15090

Jeffrey M. Sirody, Esq.
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

Richard M. Kremen, Esq.
Jodie E. Buchman, Esq.
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

**END OF ORDER**