IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| IN RE: | ) Case No: 07-17069-NVA |
| | ) |
| LA MESA RACING, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | / |

## MEMORANDUM IN OPPOSITION TO STEPHEN A. VINCENT'S OBJECTION TO ZOKAITES PROPERTIES' PROOF OF CLAIM

Zokaites Properties, LP ("Zokaites Properties"), a creditor of La Mesa Racing, LLC (the "Debtor"), by its undersigned counsel, hereby opposes the Objection to Zokaites Properties' Proof of Claim filed by Stephen A. Vincent. The grounds for this opposition are set forth below.

I.   FACTUAL BACKGROUND

On March 20, 2002, William L. Siskind ("Mr. Siskind"), acting on behalf of La Mesa Racing LLC ("La Mesa"), executed a promissory note ("Note") in which he agreed to pay Frank R. Zokaites ("Mr. Zokaites"), on or before March 20, 2004, the principal sum of $151,550.00, with interest to be accrued at the rate of eight percent (8%). A true and correct copy of the Note is attached hereto as *Exhibit 1*. The Note further provided that the maturity date was to be extended for an additional two years during which time the total amount of principal and interest due under the Note was to be payable in accordance with a five year amortization at an interest rate of nine percent (9%), with the full outstanding balance due and payable on or before March 19, 2005.

In consideration of Mr. Zokaites' agreement to extend credit to Mr. Siskind for the benefit of La Mesa, Mr. Siskind, as agent of La Mesa, executed a Guarantee ("Guarantee"), under which

La Mesa guaranteed the Note severally. A true and correct copy of the Guarantee is attached hereto as *Exhibit 2*.

On October 9, 2004, Mr. Zokaites assigned his interest in the Note to Transamerican Commercial, Ltd. ("TCL").[1] A true and correct copy of the Assignment of Promissory Note is attached hereto as *Exhibit 3*.

On October 12, 2009, TCL assigned its entire interest in the Note to Zokaites Properties. A true and correct copy of the Assignment of Promissory Note is attached hereto as *Exhibit 4*.

II. PROCEDURAL BACKGROUND

Transamerican Commercial, Ltd. ("TCL") commenced this action on July 31, 2007, by filing an involuntary petition against La Mesa Racing LLC ("La Mesa") for relief under Chapter 7 of Title 11 of the United States Code. In its petition, TCL stated a claim against La Mesa for $151,500.00, noting that the nature of the claim was a loan. On August 15, 2007, La Mesa filed a consent to an order of relief. On August 20, 2007, pursuant to La Mesa's request, the Court entered an Order converting the Chapter 7 case to a Chapter 11 case.

On September 17, 2007, La Mesa filed its bankruptcy schedules, scheduling TCL as an unsecured creditor in its Schedule F. La Mesa listed TCL as holding an unsecured nonpriority claim in the amount of $151,500.00. Notably, La Mesa did not list the claim as being contingent, unliquidated, or disputed.

---

[1] In his objection to Zokaites Properties' Proof of Claim, Vincent alleges that TCL is an insider of La Mesa, which would mean that the loan was a preferential transfer and must be avoided under Section 547 of the Bankruptcy Code. *Objection to Zokaites Properties' Proof of Claim*, ¶ 5. The term "insider" is defined in Section 101(31)(B) of the Bankruptcy Code as including: (1) a director of the debtor; (2) an officer of the debtor; or (3) a person in control of the debtor. Vincent fails to allege that TCL is either a director, officer, or person in control of La Mesa. The reason why Vincent is unable to make such specific allegations is because TCL is none of the above. The Court should, therefore, disregard Vincent's unfounded allegation that TCL is an insider of La Mesa.

On December 13, 2007, La Mesa filed an <u>Amended Schedule F</u>, altering the amount of TCL's claim from $151,500.00 to $3,256.38. La Mesa did not list the claim as being contingent, unliquidated, or disputed. On August 25, 2009, La Mesa filed a <u>Second Amended Schedule F</u>, omitting TCL's claim in its entirety, and including a claim from "Transamerican Financial" in the amount of $3,256.38. La Mesa listed the claim as being contingent and unliquidated.

La Mesa filed a Disclosure Statement and Chapter 11 Plan of Reorganization on July 10, 2009, which was denied by the Court on October 21, 2009.

On October 14, 2009, Zokaites Properties filed a Proof of Claim. On December 8, 2009, Mr. Vincent filed an objection to Zokaites Properties' Proof of Claim, asserting that Zokaites Properties failed to object to La Mesa's second Amended Proof of Claim and that the Proof of Claim is not adequately supported. Zokaites Properties has filed an Amended Proof of Claim along with the instant opposition. A copy of the foregoing document is attached hereto as *Exhibit 5*.

III.  <u>STANDARD OF REVIEW</u>

A creditor may file a proof of claim in a Chapter 11 case. 11 U.S.C. § 501(a). *See also* Fed. R. Bankr. P. 3003(c)(1). "A claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). "The allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers." *In re Fair*, 2006 WL 4458452 (D. Md. 2006) (citing *In re Johnson*, 960 F.2d 396, 404 (4th Cir. 1992)). "The Bankruptcy Code establishes a burden shifting framework for proving the amount and validity of the claim." *Id.* "The creditor's filing of a proof of claim constitutes *prima facie* evidence of the amount and validity of the claim." *Id.* (citing Fed R. Bankr. P. 3001(f)). "The burden then shifts to the

debtor to object to the claim." *Id.* "The debtor must introduce evidence to rebut the claim's presumptive validity." *Id.* "If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Id.* (citing *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004)); *see also In re Simms*, 2007 WL 4468682, *2 (N.D.W. Va. 2007) ("The absence of the Rule 3001(f) presumption does not mean that a filed proof of claim is automatically disallowed; rather, the creditor is left with the burden of proof on the validity and amount of its claim at any further hearing.").

"The grounds for the disallowance of a proof of claim are specifically listed in 11 U.S.C. § 502—not in the Bankruptcy Rules." *In re Simms*, 2007 WL 4468682, *2 (N.D.W. Va. 2007) (noting that it is not enough for a debtor or party-in-interest to merely complain that the proof of claim filed by a creditor lacks sufficient documentation under the Bankruptcy Rules). Accordingly, the objecting party "must also assert a ground[] for disallowance under § 502." *Id.* (collecting cases). *See also In re Herron*, 381 B.R. 184, 188 (D. Md. 2008) (noting that section 502(b) "lists the nine <u>exclusive</u> grounds available to properly underpin an objection to a proof of claim) (emphasis added).

IV. <u>ARGUMENT</u>

    A. <u>The Objection is moot in light of the fact that Zokaites Properties has filed an Amended Proof of Claim.</u>

Vincent alleges that Zokaites Properties' Proof of Claim is not adequately supported because (1) it fails to attach any supporting documentation regarding TCL's assignment to Zokaites Properties; (2) it fails to attach any supporting documentation regarding the March 20, 2002 loan; and (3) it fails to justify why Zokaites Properties believes it is entitled to interest at a rate of six percent "pursuant to Pennsylvania law." These allegations are moot because Zokaites

Properties has filed an Amended Proof of Claim, which includes the documentation that Vincent asserts is missing from the original Proof of Claim. *See Exhibit 5.*

Amendments to proofs of claims are allowed as long as the amendment does not unduly prejudice any other claimant or party of interest or unduly delay the administration of the case or distribution of proceeds. *See In re Fair*, 2006 WL 4458452 (D. Md. 2006) ("'In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose it to cure a defect in the claim as filed or to describe the claim with greater particularity.'") (quoting *In re Sambo's Rests. Inc.*, 754 F.2d 811, 816-17 (9th Cir. 1985)); *see also In re Houbigant, Inc.*, 188 B.R. 347 (S.D.N.Y. 1995) (amendments are permitted when purpose is to correct defects or more fully explain claim, but disallowed when purpose is to create new claim); *In re Edison Brothers Stores, Inc.*, 2002 WL 999260 (D. Del. 2002) (landlord permitted to amend its original proof of claim after the bar date to add rejection damages, where trustee had notice of claim, and that the claim would likely be amended to include rejection damages); *In re Jackson*, 220 B.R. 273 (W.D. Va. 1998) (IRS allowed to amend proof of claim to assert claim for responsible person liability where such liability rose out of same set of circumstances that led to original claim, and where debtor had knowledge of potential claim before the bar date); *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998) (where proof of claim was ambiguous in that it mentioned both administrative and unsecured claims, creditor would be allowed to amend claim to clarify unsecured portion of claim); *Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575-76 (1st Cir. 1997) (amendment to proof of claim allowed where purpose of amendment was to substitute real party in interest for claimant originally listed on proof of claim, as no prejudice to creditors would occur given that the

amount of the claim remained the same); *In re Jones*, 219 B.R. 631, 635 (M.D. Fla. 1998) (creditor allowed to amend claim post-confirmation to change status of claim from priority to unsecured, where windfall to debtor and other creditors would result if claim was disallowed, and where original claim not filed in bad faith).

Accordingly, any contention by Vincent that he would be prejudiced if this Court were to allow Zokaites Properties to amend its Proof of Claim is without merit. To be sure, there is no dispute that all parties in interest were on notice of TCL's claim against La Mesa regarding the $151,500.00 loan because TCL's involuntary petition—which initiated this case—*was expressly based on that loan*. Moreover, La Mesa acknowledged the legitimacy of TCL's claim by including the loan on its initial Schedule F. Significantly, La Mesa did not list the claim as contested, unliquidated, or disputed. In response to La Mesa's most recent Amended Schedule F, which omits TCL as a creditor, Zokaites Properties—which is the assignee of TCL's claim—properly filed a Proof of Claim. Because there is no undue prejudice to any parties in interest, this Court should overrule Vincent's objection to Zokaites Properties' Proof of Claim.

    B.    Even if Zokaites Properties had not filed an Amended Proof of Claim, the Objection must nevertheless be denied because it fails to allege a valid basis for the disallowance of the claim as required under Section 502(b) of the Bankruptcy Code.

To prevail on its argument that Zokaites Properties' claim must be disallowed, Vincent must assert a legal or factual dispute regarding the validity of Zokaites Properties' claim under section 502(b) of the Bankruptcy Code. *See In re Simms*, 2007 WL 4468682, *2 (N.D.W. Va. 2007) (holding that a creditor's failure to comply with the documentation requirements of Rule 3001 is not a basis for disallowing the creditor's claim). Vincent has failed to meet this burden.

Vincent argues that the Court should disallow Zokaites Properties' claim because the original Proof of Claim failed to attach certain documentation. Lack of documentation, however,

is not, in and of itself, a basis for disallowing a claim. *See In re Heath*, 331 B.R. 424, 433 (9th Cir. 2005); *In re Dove-Nation*, 318 B.R. 147 (8th Cir. 2004); *In re Lasky*, 364 B.R. 385 (C.D. Cal. 2007); *In re Cluff*, 313 B.R. 323 (D. Utah 2004). The failure to file documentation, such as a writing on which the claim is based, simply means that the proof of claim is not entitled to an evidentiary presumption of validity, and, once challenged, the creditor must support its proof of claim with sufficient evidence of its validity. *See In re Habiballa*, 337 B.R. 911 (E.D. Wis. 2006); *In re Lasky*, 364 B.R. 385 (C.D. Cal. 2007).

Assuming, purely *arguendo*, that Vincent properly challenged Zokaites Properties' claim, attached hereto is the documentation that Vincent alleges should have been included in the original Proof of Claim. For example, Vincent argues that the original Proof of Claim fails to include documentation proving that Zokaites Properties is the assignee of TCL's interest in the Note. Even though Vincent's argument is focused exclusively on the lack of documentation issue, underlying Vincent's argument is the allegation that Zokaites Properties has no interest in the Note. The documentation attached hereto refutes Vincent's allegation. As reflected in *Exhibit 4*, TCL assigned its interest in the Note to Zokaites Properties on October 12, 2009.

Vincent also argues that the Proof of Claim fails to attach any documentation supporting Zokaites Properties' claim that La Mesa is liable for the Note. Again, even though Vincent's argument is focused exclusively on the lack of documentation issue, underlying Vincent's argument is the allegation that La Mesa is not liable for the Note. The documentation attached hereto refutes Vincent's allegation. As reflected in *Exhibit 2*, La Mesa guaranteed Mr. Siskind's obligation under the Note. Accordingly, the Court should overrule Vincent's Objection to the Proof of Claim and order that Zokaites Properties' claim is allowed.

V.	CONCLUSION

For the reasons given, Vincent's objection is without merit and Zokaites Properties' claim against La Mesa should be allowed.

Respectfully submitted,

/s/ George E. Brown
George E. Brown (Bar No: 14681)
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, Maryland  21202
gbrown@kg-law.com
(410) 752-6030 (Telephone)
(410) 539-1269 (Facsimile)

Counsel for
Zokaites Properties, LP

{09499\0\00657933.DOCv1 }    8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December, 2009, copies of the foregoing Memorandum in Opposition to Stephen A. Vincent's Objection to Zokaites Properties' Proof of Claim and proposed Order were filed ECF and mailed, first class, postage prepaid to: All creditors on the attached matrix taken from the Court's website and electronically transmitted to the U.S. Trustee.

                                                /s/ George E. Brown
                                                George E. Brown