**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT BALTIMORE**

| | | |
|---|---|---|
| IN RE: | * | |
| LA MESA RACING, LLC, | * | CASE NO.:  07-17069-NVA |
| DEBTOR. | * | (CHAPTER 11) |

\* \* \* \* \* \* \* \* \* \* \* \*

**PARTY-IN-INTEREST STEPHEN A. VINCENT'S OBJECTION
TO PROOF OF CLAIM FILED BY JEFFREY M. SISKIND**

Party-in-Interest, Stephen A. Vincent, by his attorneys and pursuant to 11 U.S.C. §§ 105 and 502, Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rule 3007-1, files this Objection to the proof of claim filed by Jeffrey M. Siskind, and for cause states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Objection are proper under 28 U.S.C. §§ 1408 and 1409.

**SUMMARY OF ARGUMENT**

2. By this Objection, Mr. Vincent moves for the disallowance of the proof of claim filed by Jeffrey Siskind on December 11, 2007 and docketed in the claims register as claim number 1 (the "Proof of Claim").  Mr. Vincent objects to the Proof of Claim because debtor-in-possession, La Mesa Racing, LLC ("Debtor"), properly omitted the claim in its bankruptcy schedules without prior objection and because the Proof of Claim is not adequately supported.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

3. Transamerican Commercial, Ltd. ("TCL") commenced this bankruptcy case on July 31, 2007, by filing an involuntary petition against Debtor for relief under Chapter 7 of Title 11 of the United States Code.

4. William L. Siskind filed a *Consent to Order for Relief* [Docket No. 6], purportedly in his capacity as a member of Debtor. William Siskind subsequently filed a *Motion to Convert Case from Chapter 7 to Chapter 11* [Docket No. 7], again purportedly in his capacity as a member of Debtor.

5. On August 20, 2007, the Court entered an *Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements* [Docket No. 9] and an *Order Converting Chapter 7 Case to a Case Under Chapter 11 on Debtor's Request* [Docket No. 10].

6. On September 17, 2007, Debtor filed its bankruptcy schedules, including its *Schedule F* [Docket No. 36] ("Schedule F"). Debtor did not schedule Jeffrey Siskind as an unsecured creditor in its Schedule F, omitting him entirely.

7. Jeffrey Siskind filed his Proof of Claim on December 11, 2007.

8. According to the Proof of Claim, Jeffrey Siskind purportedly is the assignee of a proof of claim filed by Frank Zokaites in William Siskind's bankruptcy case, case number 02-65786, and holds a general unsecured, nonpriority claim of unknown amount. In addition, Jeffrey Siskind asserts he "is entitled to issuance of a two percent (2%) ownership interest" in Debtor.

9. Debtor's books and records do not reflect Jeffrey Siskind's claim.

10. Debtor filed its *Amended Schedule F* [Docket No. 74] ("First Amended Schedule F") on December 13, 2007. First Amended Schedule F, signed by William Siskind on Debtor's behalf, still omitted Jeffrey Siskind.

11. Debtor filed a second *Amended Schedule F* [Docket No. 154] ("Second Amended Schedule F") on August 25, 2009. Second Amended Schedule F still omitted Jeffrey Siskind

### LEGAL STANDARD FOR ALLOWANCE AND DISALLOWANCE OF PROOFS OF CLAIM

12. Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a party in interest. FED. R. BANKR. P. 3001(f); 11 U.S.C. § 502(a) (2010).

13. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly filed claim. Id. at 640 (citations omitted). If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." Id. at 461-62 (citation omitted).

### ARGUMENT

14. Debtor did not schedule Jeffrey Siskind in its bankruptcy schedules, and Jeffrey Siskind's Proof of Claim is not adequately supported.

15. Debtor's books and records do not reflect Jeffrey Siskind's claim.

16. The Proof of Claim asserts that Jeffrey Siskind is the assignee of a proof of claim filed by Frank Zokaites in William Siskind's bankruptcy case, but the Proof of Claim neither contains a description of the nature of the "assignment" nor proof of such assignment.

17. Moreover, the Proof of Claim fails to state a claim amount, instead listing the claim amount as "unknown." The Proof of Claim is not supported by any loan documents or other documents evidencing the basis for the "unknown" claim.

18. For these reasons, the Proof of Claim must be disallowed.

19. Mr. Vincent intends to rely upon this Objection without filing a separate memorandum in support of this Objection. However, Mr. Vincent reserves the right to file additional or supplemental memoranda if, in Mr. Vincent's opinion, such memoranda will assist the Court in making a determination of the matters raised hereby.

WHEREFORE, party-in-interest Stephen A. Vincent respectfully requests that this Court enter an Order:

    A. Disallowing the proof of claim filed by Jeffrey M. Siskind on December 11, 2007 and docketed in the claims register as claim number 1; and

    B. Providing such other and further relief as the Court determines to be necessary.

### NOTICE OF OBJECTION

**Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the Objection, or if you want the Court to consider your views on the Objection, then within thirty (30) days from the date of service of this Objection, you must file a written response with the Clerk of the Bankruptcy Court explaining your position and mail a copy to:

>Jeremy S. Friedberg, Esquire
>Gordon S. Young, Esquire
>Leitess Leitess Friedberg + Fedder PC
>One Corporate Center
>10451 Mill Run Circle, Suite 1000
>Baltimore, MD 21117

Jeffrey M. Sirody, Esquire
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201.

If you mail rather than deliver your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the court will receive it by the date stated above. You may request a hearing that will be held at the Court's discretion.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an order granting that relief.

Respectfully submitted,

       /s/ Jeremy S. Friedberg
Jeremy S. Friedberg, Fed. Bar No. 10638
Gordon S. Young, Fed. Bar No. 14866
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Stephen A. Vincent*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2010, a copy of the foregoing, along with attached exhibits and proposed order, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Jeffrey M. Siskind
525 South Flagler Drive, Suite 500
West Palm Beach, FL 33401

Jeffrey M. Sirody, Esq.
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201.

                                          /s/ Jeremy S. Friedberg
                                        Jeremy S. Friedberg