IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

IN RE: ) Case No: 07-17069-NVA
)
LA MESA RACING, LLC, ) Chapter 11
)
    Debtor, )
)
_____)

## WILLIAM L. SISKIND RESPONSE TO STEPHEN A. VINCENT OBJECTIO TO PROOF OF CLAIM FILED BY WILLIAM L. SISKIND

AND NOW comes William L. Siskind ("Siskind"), Pro Se, and submits the following Response to Stephen A. Vincent's ("Vincent") Objections to William L. Siskind's Proof of Claim as follows:

### Introduction:

On or about April 9, 2010, Siskind filed a proof of claim. This claim is docketed in the claims register as Claim 13. The basis of the claim was the advance of $2,500.00 to the Debtor for its use in the payment of a debt due to its accountant, Mr. Morrow for professional services rendered to the Debtor. Mr. Vincent objects to the proof of claim because it is "not adequately supported".

## **Background:**

1. Transamerican Commercial, Ltd. ("TCL") commenced this bankruptcy case on July 31, 2007, by filing an involuntary petition against debtor-in possession, La Mesa Racing, LLC ("Debtor"), for relief under Chapter 7 of Title 11 of the United States Code.

2. Mr. Siskind filed a *Consent to Order for Relief* [Docket No.6], in his capacity as a member of Debtor. Mr. Siskind subsequently filed a Motion to *Convert Case from Chapter 7 to Chapter 11* [Docket No.7], again purportedly in his capacity as a member of Debtor.

3. On August 20, 2007, the Court entered an *Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements* [Docket No.9] and an *Order Converting Chapter 7 Case to a Case Under Chapter 11 on Debtor's Request* [Docket No.10].

4. On September 17, 2007, Debtor filed its bankruptcy schedules, including its *Schedule F* [Docket No.36] ("Schedule F"). According to Schedule F, Mr. Siskind is the holder of an unsecured, nonpriority claim in the amount of $5,700.00.

5. Debtor filed its *Amended Schedule F* [Docket No.74] ("First Amended Schedule F") on December 13, 2007. First Amended Schedule F still listed Mr. Siskind as the holder of an unsecured, nonpriority claim in the amount of $5,700.00.

6. Debtor filed a second *Amended Schedule F* [Docket No.154] ("Second Amended Schedule F') on August 25, 2009. Second Amended Schedule F still listed Mr. Siskind as the holder of an unsecured, nonpriority claim in the amount of $5,700.00.

7. Mr. Siskind filed his Claim 5 on March 30, 2010.*

8. According to Claim 5, Mr. Siskind also holds a general unsecured, nonpriority claim in the amount of $2,500.00. The basis for the claim is "money advanced to debtor". A copy of Claim 5 was attached to Vincent's objections thereto.

9. Siskind filed his Claim 13 on April 9, 2010.

10. According to Claim 13, Mr. Siskind holds a general unsecured, nonpriority claim in the amount of $2,500.00. The basis for the claim is "Money Advanced to Debtor". Accompanying Claim 13 is the Affidavit of Eric Culver. A copy of Claim 13 was attached to Vincent's objections together with the Affidavit of Eric Culver.

---

* Mr. Siskind previously filed a general unsecured, nonpriority claim in the amount of $5,700.00 on March 22, 2010, which the Court docketed in the claims register as claim number 4. That proof of claim is the subject of a separate Objection [Docket No.220] filed by Mr. Vincent on March 26, 2010. Mr. Siskind purportedly assigned the proof of claim to Zokaites Properties, LP, which filed a proof of claim reflecting same on March 31, 2010.

## Standard of Review:

A creditor may file a proof of claim in a Chapter 11 case. 11 U.S.C. 501(a). See also Fed, R. Bankr. P. 3003(c)(1). "A proof of claim is *prima facie evidence* of the validity and amount of the claim". In re Cranston, 387 B.R. 480, (D.Md.2008) (citing Fed R. Bankr. P. 3001(f); see also 501(a). ("A claim or interest, proof of which is filed under 501 of this title, is deemed allowed, unless a party in interest ... objects".).

"If an objection to a proof of claim is raised, the objecting party bears the burden of going forward to produce evidence sufficient to negate the *prima facie* validity of the filed claim". Id. "To overcome the *prima facie* validity of the proof of claim, [objecting party] "must submit <u>by evidence</u>, a defense to one or more elements of the cause of action asserted in the claim". In re Herron, 381 B.R. 184, 188 (D. Md. 2008) (emphasis added (quoting In re Gates, 214 B.R. 467, 472 (D.Md. 1997).

"If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence". In re Fair, 2006 WL 4458452 (D.Md.2006) (citing in re Hartford, 372 F.3d 637, 640 (4th Cir. 2004)).

## Response to Vincent's Objections:

A.   <u>Vincent Has Failed to Meet His Evidentiary Burden.</u>

Vincent has failed to satisfy his evidentiary burden required to overcome or negate the *prima facie* evidence that either Siskind's claim of $5,700.00 shown on Schedule F on September 17, 2007, and First Amended Schedule F on December 13, 2007 and on the Second Amendment Schedule F filed on August 25, 2009 to which no objection was taken.

Likewise as to Vincent's objection to claims 5 and 13 he has failed to satisfy his evidentiary burden and relies entirely upon the alleged absence of Siskind's claim in either the books and records of the Debtor or in the Schedule F's. This is unsatisfactory under the rules as Vincent cannot merely use a negative to satisfy his evidentiary burden. Vincent makes this assertion with the knowledge that he has no evidence to support his allegations as to the "books and records" of the Debtor as these were always kept by Eric Culver, as President of the Debtor who is the person making the affidavit in support of Siskind's claim 13.

B.  Books and Records and Schedule F's:

Whether the "Books and Records" reflect the basis for Siskind's claim or not is irrelevant as to the validity of the claim. It is the Debtor's responsibility to maintain adequate books and file a correct Schedule F, not the creditor's obligation; neither can it be used against him.

C.  Siskind's Amended Proof of Claim (Claim 13) is adequately supported by the Affidavit of Eric Culver, past President of La Mesa Racing, LLC, Debtor who has full knowledge of the financial records of the Debtor.

It should be recognized by the Court that Vincent's motives in objecting to these claims is perfectly clear in that Vincent has filed a recent plan asking for assignment to him of all Debtor's assets, in consideration of paying all unsecured creditors claims shown on the schedules, provided the claim or claims are allowed. Each claim he can get disallowed reduces his price for the assets, which include 213 acres of land originally valued in excess of one million dollars.

Wherefore this creditor respectfully requests this Court enter an Order:

1. Allowing the proof of claim filed by William L. Siskind as docketed in the claim register under numbers 5 and 13.
2. Confirming the allowance previous claims of William L. Siskind in the amount of $5,700.00 and
3. That the objection filed by Vincent must be accordingly denied.

Respectfully submitted,

William L. Siskind, Pro Se.
8376 Belize Place
Wellington, FF 33414

Telephone 561-246-2224
Cell: 423-653-2514

Date: May 10, 2010

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the within Response to Vincent's Objection to William L. Siskind Proof of Claim was mailed on this 10th day of May 2010 by U.S. Mail, postage pre-paid.

Office of the US Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

Jeremy S. Friedberg, Esquire
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, MD 21117

Alan J. Perlman, Esquire
350 Las Olas Blvd., Suite 1700
Ft. Lauderdale, FL 33301

Jeffrey M. Sirody, Esquire
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

William L. Siskind, Pro Se