IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | | |
|---|---|---|
| IN RE: | ) | Case No: 07-17069-NVA |
| | ) | |
| LA MESA RACING, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | / | |

JEFFREY M. SISKIND'S RESPONSE TO
STEPHEN A. VINCENT'S OBJECTION TO PROOF OF
CLAIM NO. 7 FILED BY JEFFREY M. SISKIND

AND NOW comes Jeffrey M. Siskind ("Siskind"), Pro Se, and submits the following Response to Stephen A. Vincent's ("Vincent") Objections to Jeffrey M. Siskind's Proof of Claim No 7. as follows:

### Introduction:

On or about December 11, 2007, Siskind filed a proof of claim in the above captioned bankruptcy proceeding. (Claims Register, Claim No. 1). The basis of the claim was for the issuance of 2% of the outstanding member interests in the Debtor, which Siskind obtained by virtue of an assignment from Frank Zokaites. Siskind subsequently filed an amendment to that claim (Claims Register, Claim No. 7) in order to further protect his claim to 2% of the ownership interest in Debtor.

Presently pending before the Court is Vincent's Objection to Siskind's Proof of Claim No. 7. Vincent's objections are that: (1) the books and records of the Debtor do not reflect Siskind's claim; (2) the Debtor's multiple Schedule F's do not reflect Siskind's claim; (3) the Siskind Proof of Claim asserts Siskind, as the assignee of a proof of claim filed by Frank Zokaites ("Zokaites"), does not contain a description of the nature of the assignment nor attach

1

proof of the assignment; and (4) the Siskind Proof of Claim fails to state a claim amount, instead listing the claim as "unknown" and is not supported by any enforceable and/or valid loan documents or other documents evidencing the basis for the claim. For the reasons set forth herein, Vincent's objections must be denied.

### Background:

On March 20, 2002, William Siskind and La Mesa executed a promissory note (the "Siskind Note") in which he and La Mesa agreed to pay Zokaites on or before March 20, 2004, the principal sum of $151,550.00 with interest to be accrued at the rate of eight percent (8%). In addition to the Siskind Note and other documents, William Siskind executed a Collateral Agreement that provided for the conveyance of an undiluted 2% of the membership interests in La Mesa Racing to Zokaites. At the time he signed the Siskind Note and Collateral Agreement, William Siskind was acting on behalf of La Mesa. Further, the loan proceeds from Zokaites were directly for the benefit of La Mesa.[1]

On July 18, 2005, Zokaites filed a proof of claim in the William Siskind bankruptcy filed at case number 02-65786. The Zokaites proof of claim included the claim for the 2% member interest from La Mesa. On August 22, 2006, Zokaites assigned his claim to Siskind who then filed the Siskind Proof of Claim in this bankruptcy proceeding.

In March, 2010, Siskind filed an amended proof of claim in this bankruptcy proceeding that attaches numerous documents that add further support to his claim for the 2% member interest. A true and correct copy of the amended proof of claim is attached hereto as Exhibit "A". Finally, the amended proof of claim will satisfy a number of Vincent's objections as set forth herein.

---

[1] A more detailed recitation of the facts surrounding the Siskind Note are set forth in Zokaites Properties, LP Response to Vincent Objection to Amended Proof of Claim filed on February 17, 2010 (Doc No 201) which is incorporated herein by reference.

2

### Standard of Review:

A creditor may file a proof of claim in a Chapter 11 case. 11 U.S.C. ¶ 501(a). <u>See also</u> Fed. R. Bankr. P. 3003(c)(1). "A proof of claim is *prima facie evidence* of the validity and amount of the claim." <u>In re Cranston</u>, 387 B.R. 480, 484 (D.Md. 2008) (citing Fed. R. Bankr. P. 3001(f); <u>see also</u> § 501(a). ("A claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest … objects.").

"If an objection to a proof of claim is raised, the objecting party bears the burden of going forward to produce evidence sufficient to negate the *prima facie* validity of the filed claim." <u>Id.</u> "To overcome the prima facie validity of the proof of claim, [objecting party] 'must submit <u>by evidence</u>, a defense to one or more elements of the cause of action asserted in the claim." <u>In re Herron</u>, 381 B.R. 184, 188 (D.Md. 2008) (emphasis added) (quoting <u>In re Gates</u>, 214 B.R. 467, 472 (D.Md. 1997).

"If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." <u>In re Fair</u>, 2006 WL 4458452 (D.Md. 2006) (citing <u>In re Hartford</u>, 372 F.3d 637, 640 (4th Cir. 2004)).

### Response to Vincent's Objections:

A.  <u>Vincent Has Failed to Meet His Evidentiary Burden.</u>

Vincent has failed to satisfy his evidentiary burden required to negate the prima facie evidence that Siskind's claim is valid. As set forth in his Objection, Vincent initially relies on the alleged absence of Siskind's claim in either the books and records of the Debtor or in the multiple Schedule F's. According to Vincent, this absence constitutes satisfactory evidence that the claim is not valid. This is unsatisfactory under the rules as Vincent must come forward with sufficient evidence. The use of a negative fails to satisfy Vincent's evidentiary burden.

B.     Books and Records-Schedule F's.

Whether the books and records or Schedule F's reflect Siskind's claim or not is irrelevant as to the validity of the claim. It would be the Debtor's responsibility, not Siskind's, to record the claim. The fact that the Debtor has failed to maintain accurate books and records or file a correct Schedule F is not the fault of Siskind and cannot be used as a basis to deny his claim.[2] Based on the foregoing, these two aspects of Vincent's objections must be denied.

C.     The Siskind Amended Proof of Claim Contains a Description
       of the Nature of the Assignment and Attaches a Copy of the Assignment.

Vincent next argues that the Siskind Proof of Claim fails to contain a description of the nature of the assignment and further fails to attach a copy of the assignment. Vincent's objection is now moot based on the Siskind Amended Proof of Claim that details the nature of the assignment from Zokaites to Siskind and attaches a copy of the Assignment Agreement.

D.     The Siskind Proof of Claim Fails to State a Claim
       Amount and is not Supported by any Loan Documents or
       Other Documents Evidencing the Basis for the Claim.

Vincent objects that the Siskind Proof of Claim does not state a claim amount. Siskind cannot possibly place a claim amount because the nature of his claim is for equity, not an obligation. Further, Siskind has no facts in his possession to place a value on the claim.

Finally, Vincent complains that the Siskind Proof of Claim fails to provide documentation to support the claim. This objection is now moot based on the Siskind Amended Proof of Claim that attaches, among other documents, the Siskind Note and the Collateral Agreement that support the 2% member interest.

---

[2] Interestingly, the last amended Schedule F dated August 25, 2009 (Doc No 154) was filed by Vincent's own attorneys and it is now Vincent who is objecting to the claim.

4

## Conclusion:

For the reasons set forth herein, Vincent's Objections to Siskind's Proof of Claim must be denied.

Respectfully submitted,

*(signature)*

Jeffrey M. Siskind, Esquire, Pro Se
Trump Plaza Office Building
525 S. Flagler Drive, Suite 500
West Palm Beach, Fl 33401
e-mail: jeffsiskind@msn.com
(561) 832-7720 (Telephone)
(561) 832-7668 (Facsimile)

Date: May 20, 2010

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the within Response to Stephen A. Vincent's Objection to Jeffrey M. Siskind's Proof of Claim was served on the following this 20th day of May, 2010 by US Mail, postage pre-paid.

Office of the US Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

Jeremy S. Friedberg, Esquire
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, MD 21117

Alan J. Perlman, Esquire
350 Las Olas Blvd., Suite 1700
Ft. Lauderdale, FL 33301

Jeffrey M. Sirody, Esquire
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208

_____
Jeffrey M. Siskind, Pro Se